David R. Markham (SBN 071814)
dmarkham@markham-law.com
Maggie Realin (SBN 263639)
mrealin@markham-law.com
Lisa Brevard (SBN 323391)
lbrevard@markham-law.com
**The Markham Law Firm**
888 Prospect Street, Suite 200
La Jolla, CA 92037
Tel.: 619.399.3995
Fax: 619.615.2067

*Attorneys for Plaintiffs on behalf of themselves and the general public*

Additional attorneys listed in signature block.

**MORGAN, LEWIS & BOCKIUS, LLP**
David L. Schrader (SBN 149638)
david.schrader@morganlewis.com
300 South Grand Ave., 22nd Floor
Los Angeles, CA 90071
Phone: (213) 612-2500

Mark A. Feller (SBN 319789)
mark.feller@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Phone: (415) 442-1000

Brian M. Ercole (*phv* motion forthcoming)
brian.ercole@morganlewis.com
Matthew M. Papkin (*phv* motion forthcoming)
matthew.papkin@morganlewis.com
600 Brickell Ave., Suite 1600
Miami, Florida 33131
Phone: (305) 415-3000

***Attorneys for Defendant Tesla, Inc.***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO CORONA, ANITA JACKSON NEWMAN, AND CABANILLAS & ASSOCIATES P.C., on behalf of themselves and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>TESLA, INC., a Delaware Corporation,<br><br>Defendant. | Case No.  4:23-cv-03902-YGR<br><br>**26(F) REPORT AND CASE MANAGEMENT CONFERENCE STATEMENT [FED. R. CIV. P. 26(F)(2); N.D. CAL. CIV. L.R. 16-9]**<br><br>Judge:   Hon. Yvonne Gonzalez Rogers<br>CMC:    November 6, 2023<br>Time:    9:30 a.m. |

Plaintiffs Alejandro Corona, Anita Jackson Newman, and Cabanillas & Associates P.C. ("Plaintiffs") and Defendant Tesla, Inc. ("Tesla"), jointly submit this 26(f) Report and Case Management Conference Statement pursuant Fed. R. Civ. P. 26(f)(2) and the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**A.  Jurisdiction and Service**

*Plaintiffs' Statement*

Jurisdiction in this case is based on 28 U.S.C. section 1332. Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. Defendant was served.

*Defendant's Statement*

Tesla contends Plaintiffs cannot meet their burden of demonstrating subject matter jurisdiction. Plaintiffs' claims are preempted by federal law. In addition, Tesla disputes that any Plaintiff has experienced a cognizable injury or can otherwise satisfy the requirements for Article III standing. Tesla also reserves its right to move to compel arbitration over Plaintiffs' claims.

**B.  Facts**

*Plaintiffs' Statement of Facts*

This is a non-class action for public injunctive relief arising from Tesla's unlawful, unfair and deceptive business practice of misrepresenting to consumers the mileage driving range of its electric vehicles in violation of California's Unfair Competition Law ("UCL") and New York's General Business Law ("GBL"). This action is not duplicative of the related actions identified in section J, below, as the related actions are class actions, and this case only seeks public injunctive relief and does not assert class claims. There are theories of liability in the related actions not germane in this case, and there are no damages or restitution at issue here. Thus, this is not a tag-along action.

Plaintiffs allege that Tesla has engaged in a practice of inflating projections on its vehicle dashboards for the driving range of its electric vehicles, resulting in consumers, including Plaintiffs, purchasing Tesla vehicles expecting a longer mileage driving range between charges than their vehicles provided. Plaintiffs allege that the dashboard instrumentation on Tesla's vehicles generates

1  false and erroneous readings. Additionally, Plaintiffs allege that Tesla had orchestrated a practice
2  to quash nationwide consumer complaints from this defect and service appointment requests related
3  to this mileage range issue by creating an internal "Diversion Team" whose purpose was to
4  unilaterally cancel the service appointments of customers complaining about the rate at which their
5  car's driving range was being depleted.

Pursuant to the UCL and GBL, Plaintiffs seek a public injunction compelling Defendant to fix the mileage readings displayed by Tesla's dashboard range meters from Tesla's software, hardware and/or firmware, as necessary and appropriate, so that the readings reflect the actual available mileage in its electric vehicles, rather than intentionally overestimated projections.

*Defendant's Statement of Facts*

This case is a flawed, tag-along action. Like the prior-filed action,[1] Plaintiffs challenge Tesla's EPA-approved estimates regarding the driving range of its electric vehicles. Plaintiffs, however, do not assert any class claims. Instead, they bring two statutory claims under the California Unfair Competition Law ("UCL") and the New York General Business Law ("GBL"), and claim to seek public injunctive relief pertaining to the estimate driving range of Tesla vehicles.

The testing and disclosure of estimated fuel economy and vehicle ranges for new vehicles sold in the United States are governed by a comprehensive federal regulatory scheme that Congress developed through the Energy Policy and Conservation Act of 1975. The EPA and FTC enforce this regulatory scheme. The EPA sets forth an approved process for calculating these fuel economy and EV range estimates. Once a manufacturer submits data for review, the EPA must determine whether the data is "reasonable and representative," and may accept it, require additional manufacturer testing, or perform its own confirmatory testing. The EPA makes clear that such estimates may not predict the actual range of a vehicle. The FTC requires manufacturers to use the EPA-approved range estimates for electric vehicles.

---

[1] The first-filed action is captioned *Porter v. Tesla, Inc.*, Case No. 3:23-cv-03878-YGR (N.D. Cal.). The *Porter* Plaintiffs also bring claims under the UCL and the GBL, and seek injunctive relief. (ECF No. 35, at ¶¶ 232-241 (UCL claim); ¶¶ 301-338 (GBL claim); ¶ Prayer for Relief (seeking injunctive relief).)

1   Tesla complies with the EPA and FTC's regulatory scheme in the sale of its vehicles and informs vehicle purchasers of the FDA-approved estimated driving range. Tesla's website, for example, displays certain features for a given model Tesla vehicle including the EV "range," which is explicitly identified as the "EPA est." Tesla also discloses that the vehicle's range estimates are an imperfect measure of actual driving range and are affected by additional factors separate from battery capacity. Plaintiffs also concede that "there is some degree of variance in all electric vehicles battery performance, due to numerous factors." (Compl. ¶ 13.)

Within a few days after the publication of a *Reuters* article regarding alleged issues with Tesla vehicles' driving range, Plaintiffs filed this action for public injunctive relief.[2] This lawsuit is duplicative of the earlier-filed *Porter* lawsuit. Plaintiffs' claims are also meritless. Each claim is preempted. Their statutory fraud-based claims also fail because, among other reasons, Plaintiffs fail to plead any false statements or omissions made by Tesla to them, much less that they relied upon in making their purchases. Plaintiffs also have not been harmed and do not and cannot satisfy the requirements for public injunctive relief. As a result, Tesla intends to file a motion to dismiss Plaintiffs' claims and is also evaluating whether to move to compel arbitration of Plaintiffs' claims.

**C.  Legal Issues**

*Plaintiffs' Statement*

(a)  The principal legal issues in dispute include:Whether Defendant has engaged in unlawful practices by failing to provide accurate advertised and dashboard projections for the mileage its consumers would receive on their Tesla vehicles;

(b)  Whether Defendant has engaged in unfair competition within the meaning of the UCL by misrepresenting the driving range of their Tesla vehicles;

(c)  Whether Defendant's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL;

(d)  Whether Plaintiffs are entitled to a public injunction compelling Defendant to fix the mileage readings displayed by Tesla's dashboard range meters from Tesla's software,

---

[2]  Tesla's response to Plaintiffs' Complaint is due on November 22. (ECF No. 19.)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

   hardware and/or firmware, as necessary and appropriate, so they reflect the actual available mileage;

(e) Whether Defendant's conduct violated New York General Business Law section 349, *et al*.

*Defendant's Statement*

The principal legal issues in dispute include:

a. Whether Plaintiffs' claims are preempted by federal law.

b. Whether Plaintiffs' claims should be dismissed pursuant to Rule 12(b)(1), Rule 12(b)(6), and/or Rule 9(b).

c. Whether Plaintiffs have adequately pled claims for and can obtain public injunctive relief?

d. Whether this action is duplicative of the earlier-filed *Porter* action and should be stayed or dismissed on that ground.

**D.     Motions**

*Current Motions*. None pending.

*Plaintiffs' Position:* Plaintiffs will oppose Defendant's anticipated motion to dismiss and/or motion to compel arbitration.

*Defendant's Position: Anticipated Motions.* Tesla believes that Plaintiffs' allegations fail for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted because, among other issues, Plaintiffs' claims are preempted by a comprehensive federal regulatory scheme governing fuel economy and driving range calculations, testing, and disclosures.  Tesla also may file a motion to compel arbitration.  If the case proceeds past the anticipated motions, Tesla anticipates filing a motion for summary judgment.

**E.     Amendment of Pleadings**

*Plaintiffs' Statement*

Plaintiffs do not presently anticipate that additional plaintiffs will appear in this litigation. Plaintiffs reserve the right to amend the pleadings at a later time.

*Defendant's Statement*

Plaintiffs' claims are preempted and the other defects in Plaintiffs' claims cannot be cured. Thus, at this juncture, there is no need or basis for amendments to pleadings.

**F.     Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI") and have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**G.     Disclosures**

*Plaintiffs' Statement*

Plaintiffs agree to exchange initial disclosures after the resolution of Tesla's anticipated motion to dismiss and/or motion to compel arbitration.

*Defendant's Statement*

Tesla believes that any deadline for initial disclosures should be set only if this case proceeds past the pleadings stage, including the resolution of Tesla's forthcoming motion to dismiss and any motion to compel arbitration. Accordingly, any initial disclosures are premature at this time.

**H.     Discovery**

*Plaintiffs' Position*: Plaintiffs agree to coordinate discovery with any discovery that takes place in the other related cases as identified by Defendant.

*Defendant's Position*: Tesla disputes that any discovery is appropriate in this case and maintains its position that Plaintiffs' claims should not proceed past the pleadings stage. In addition, any discovery in this matter should be coordinated with any discovery that takes place in the other related cases.[3] The information below is subject to and without waiver of Tesla's position:

*Joint Position:*

---

[3]     That includes: (1) *James Porter et al v. Tesla, Inc.*, Case No. 4:23-cv-03878-YGR (N.D. Cal.) (filed August 2, 2023); (2) *Samuel Van Diest, et al v. Tesla, Inc.*, Case No. 4:23-cv-04098-YGR (N.D. Cal.) (filed August 11, 2023); and (3) *Irena Zaks, et al. v. Tesla, Inc.*, Case No. 4:23-cv-05556-AGT (removed on October 27, 2023).

1        a.    *Discovery Taken to Date.* No discovery has been taken to date.

2        b.    *Proposed Discovery Limitations.* At this juncture, there is no need to depart from the limitations on discovery imposed under the Federal Rules of Civil Procedure and Northern District of California Local Civil Rules of Civil Procedure.

       c.    *Stipulated E-Discovery Order.* If this case proceeds, the parties anticipate filing an ESI stipulation based, in part, on the Northern District of California's model Stipulation Regarding the Electronic Storage of Information, and proposed order.

       d.    *Proposed Discovery Plan (Fed. R. Civ. P. 26(f)).*

           i.    <u>Changes that should be made in the timing, form, or requirement for disclosures under Rule 26(a), and a statement of when initial disclosures were made or will be made.</u>

Tesla believes that initial Rule 26(a) disclosures should only be exchanged after the resolution of its anticipated motions and the exhaustion of any appeal taken in connection with the resolution of those motions.

           ii.    <u>Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.</u>

Plaintiffs anticipate discovery may be needed on the following topics:

Discovery regarding (i) the basis for Tesla's projections on its vehicle dashboards for the driving range of its electric vehicles, (ii) Tesla's understanding regarding the battery range of its vehicles, (iii) Tesla's "Diversion Team" and its purpose and operations with respect to canceling the service appointments of customers complaining about the rate at which their car's driving range was being depleted, (iv) consumer complaints regarding the driving range of Tesla's vehicles; (v) harm and damages to Plaintiffs and other consumers     If this case proceeds past the pleading stage, Tesla anticipates taking discovery on the merits of Plaintiffs' claims

and its anticipated affirmative defenses. This includes, for instance, discovery concerning Plaintiffs' purchases of their Tesla vehicles; Plaintiffs' operation, maintenance and use of their vehicles; Plaintiffs' various arbitration and other agreements with Tesla; Plaintiffs' previous and subsequent purchase of other Tesla vehicles; Plaintiffs' communications, if any, with Tesla both before and after the purchase of their vehicle; Plaintiffs' understanding regarding the battery range of the vehicles they purchased; the lack of any harm or damages to Plaintiffs; and why Plaintiffs cannot establish that they are entitled to any injunctive relief, much less public injunctive relief.

    iii.   <u>Any issues about disclosure, discovery, or preservation of electronically stored information (ESI), including the form or forms in which it should be produced.</u>

The parties are not currently aware of any issues concerning the retrieval, disclosure, or discovery of ESI.

    iv.   <u>Any issues about claims of privilege or protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Fed. R. Evid. 502.</u>

The parties are not currently aware of any issues about claims of privilege or protection as trial-preparation materials. If this case proceeds in this forum over Tesla's objection, the parties anticipate filing a stipulated Protective Order, based, in part, on the Northern District's court-approved model forms. The Protective Order includes a provision governing the inadvertent production of privileged or otherwise protected material. Therefore, an order under Fed. R. Evid. 502 is not needed.

    v.   <u>Changes that should be made in the limitations on discovery imposed under the Federal or Local Rules, and other limitations that should be imposed.</u>

At this juncture, the Parties do not believe there is a need to depart from the limitations on discovery imposed under the Federal or Local Rules.

    vi.    <u>Any other orders the Court should issue under Rule 26(c) or 16(b) and (c).</u>

The parties are not currently aware of any other orders the Court should issue at this juncture.

**I.**     **Class Actions**

This case is not pled as a class action.

**J.**     **Related Cases**

The parties are aware of the following related matters including:

1. *James Porter et al. v. Tesla, Inc.*, Northern District of California, Case No. 3:23-cv-03878-YGR (filed on August 2, 2023).
2. *Samuel Van Diest et al. v. Tesla, Inc.,* Northern District of California, Case No. 4:23-cv-04098-YGR (filed on August 11, 2023).
3. *Irena and Gary Zaks v. Tesla, Inc.*, Northern District of California, Case No. 4:23-cv-05556-AGT (removed from state court on October 27, 2023).

**K.**     **Relief**

*Plaintiffs' Statement*

Plaintiffs will seek judicial declaration that Tesla's conduct is unlawful, unfair and/or fraudulent and an order halting Tesla's further misrepresentation of the projected mileage range in its vehicles, and requiring Tesla to accurately display the mileage range of its vehicles. Plaintiffs will also seek attorneys' fees, as allowed under California Code of Civil Procedure section 1021.5 and New York General Business Law section 349(h), and costs and interest.

*Defendant's Statement*

Tesla disputes that Plaintiffs are entitled to any relief, regardless of the forum.

**L.**     **Settlement and ADR**

The parties have met and conferred in compliance with ADR Local Rule 3-5 and have not yet engaged in any settlement discussions.

**M.**     **Other References**

The parties do not believe this case is suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation.

**N.     Narrowing of Issues**

The parties are not otherwise aware of any other issues that can be narrowed by agreement. The parties currently have no suggestions to expedite presentation of evidence at trial.

**O.     Expedited Trial Procedure**

The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

**P.     Scheduling**

*Plaintiffs' Statement*

Plaintiffs will oppose Defendant's anticipated motion to dismiss and motion to compel arbitration. Plaintiffs generally agree with the schedule proposed by Tesla below.

*Defendant's Statement*

Tesla does not believe that this case can proceed past the pleadings stage. Tesla intends to move to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction and failure to state a claim. Tesla is also evaluating whether to move to compel arbitration, given that Plaintiffs singed arbitration agreements with Tesla. As a result, Tesla believes that it is premature to enter a scheduling order at this juncture.

Nonetheless, to the extent the Court is inclined to do so, Tesla believes that discovery can be completed in twelve months for this case and the other related cases. The parties propose the following scheduling order:

| Event | Proposed Date |
|---|---|
| Deadline to File Motion to Amend Pleadings | March 1, 2024 |
| Expert Reports Due | November 1, 2024 |
| Rebuttal Expert Reports Due | December 1, 2024 |
| Deadline for Dispositive Motions | December 13, 2024 |
| Deadline for Oppositions to Dispositive Motions | January 28, 2025 |
| Deadline for Plaintiffs to file Reply in Support of Dispositive Motions | February 27, 2025 |

| Hearing on Dispositive Motions | March 24, 2025 |
|---|---|
| Pretrial Conference | July 14, 2025 |
| Jury and Court Trial[4] | August 10, 2025 |

**Q.     Trial**

*Plaintiffs' Statement*

Plaintiffs estimate that a trial would last ten (10) court days.

*Defendant's Statement*

To the extent any claims remain, Tesla estimates that any trial would last seven (7) court days.

**R.     Disclosure of Non-party Interested Entities or Persons**

Pursuant to Civil Local Rule 3-15, Plaintiffs state that, as of this date, other than the named parties, Plaintiffs are not aware of any entity or person with an interest to report.

Pursuant to Civil Local Rule 3-15, Defendant states that, other than the named parties, there is no conflict of interest to report.

**S.     Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**T.     Other Matters as May Facilitate the Just, Speedy, and Inexpensive Disposition of the Matter**

The parties agree to electronic service of documents not filed through the Court's CM/ECF system.  The parties also agree to coordinate across the related cases, where appropriate.

---

[4]     If one or more of the related cases remains in the Court after the initial motion phase, Tesla proposes the parties discuss potential consolidation for trial purposes.

Dated: October 30, 2023

Respectfully submitted,

/s/ David R. Markham
David R. Markham
Maggie Realin
Lisa Brevard

**Counsel FOR PLAINTIFFS**

Dated: October 30, 2023

MORGAN, LEWIS & BOCKIUS LLP

/s/ *David L. Schrader*
David L. Schrader
***Counsel for Defendant Tesla, Inc.***

## SIGNATURE ATTESTATION

I hereby attest that, pursuant to N.D. Cal. Civ. L.R. 5-1(i)(3), the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: October 30, 2023

/s/ *David L. Schrader*
David L. Schrader